1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SQUIRE PATTON BOGGS (US) LLP
Helen H. Yang (State Bar # 241170)
helen.yang@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile:  (213) 623-4581

Attorney for Defendant
CARVANA, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shari Sanahi,<br><br>        Plaintiff,<br><br>v.<br><br>Carvana, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union, LLC,<br><br>        Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>(Removal from Los Angeles County Superior Court, Case No. 22TRCV00352) |

Pursuant to 28 U.S.C. § 1446(a), 28 U.S.C. § 1441(a), and 28 U.S.C. § 1331, defendant Carvana, LLC ("Carvana") respectfully submits its Notice of Removal of the above-captioned action, currently pending in the Superior Court for the State of California for the County of Los Angeles (the "State Court Action").  True and complete copies of all process, pleadings, and other documents filed in the State Court Action, including the Complaint and Summons, are attached hereto as **Exhibit 1**.

///

///

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**I.   This Court Has Federal Question Jurisdiction Over Plaintiff's Fair Credit Reporting Act Claim.**

1.   On May 5, 2022, Plaintiff Shari Sanahi ("Plaintiff") initiated the State Court Action by filing the Complaint.  [*See generally* Complaint.]

2.   In the Complaint, Plaintiff alleges that Carvana violated the Fair Credit Reporting Act (the "FCRA").  [*See, e.g.,* Complaint ¶ 28 ("Defendant CARVANA violated sections 1681n and 1681o of the FCRA . . . ."); *see also id.* at p. 7 ("Count I: Violation of the Fair Credit Reporting Act").]

3.   Pursuant to 28 U.S.C. § 1331, "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.   The FCRA is a federal statute, and thus claims alleging violations of the FCRA arise under federal law.  *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy[] . . . ."); *Bath v. Midland Credit Mgmt. Inc.*, Civil Action No. 12-cv-03225-RBJ-KMT, 2013 U.S. Dist. LEXIS 2001, at *2 (D. Colo. Jan. 7, 2013) ("Plaintiff's Fair Credit Reporting Act claim invokes federal question jurisdiction because it arises under federal statutory law.").

5.   Accordingly, this Court has federal-question jurisdiction over Plaintiff's FCRA claim.

**II.   This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

6.   Supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

7.   "A state law claim is part of the same case or controversy if it shares a 'common nucleus of operative fact' with the federal claims, and the state and federal

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 2 -

NOTICE OF REMOVAL

1  claims would normally be tried together." *Buckner v. Universal Television, LLC*, No.

2  CV 17-6489-R, 2017 U.S. Dist. LEXIS 198241, at *5 (C.D. Cal. Nov. 30, 2017).

3      8.    Here, in addition to the FCRA claim, Plaintiff's Complaint alleges that

4  Carvana violated the Consumer Legal Remedies Act and the California Consumer

5  Credit Reporting Agencies Act (collectively, the "State Law Claims").  [*See, e.g.,*

6  Complaint ¶¶ 2, 33, 35.]

7      9.    Plaintiff's State Law Claims are based on the same alleged facts as her

8  FCRA claim, namely that: (1) Carvana failed to inform Plaintiff that Carvana does

9  not accept Lyft income, and (2) Carvana ran a hard credit inquiry before the vehicle

10  was delivered.  [*See id.* at ¶¶ 11, 12.]  Indeed, each of Plaintiff's State Law Claims

11  incorporates and relies on the same factual allegations as Plaintiff's FCRA claim.

12  [Complaint ¶¶ 34, 38, 40.]

13      10.    Plaintiff's State Law Claims thus arise out of the same operative facts

14  as her FCRA claim such that this Court has supplemental jurisdiction over Plaintiff's

15  State Law Claims.

16  **III.    Procedural Requirements For Removal Are Satisfied.**

17      11.    Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because this

18  Notice was filed within 30 days of service of the Complaint on Carvana, which

19  occurred on May 9, 2022.

20      12.    Venue is proper in this Court because this District and Division embrace

21  Los Angeles County, the place where the State Court Action is pending.  *See* 28

22  U.S.C. §§ 1441(a), 1446(a); *see also* Complaint (filed in Los Angeles County

23  Superior Court).

24      13.    On May 10, 2022, the Los Angeles County Superior Court ordered

25  Plaintiff to appear "and show cause why sanctions should not be imposed for . . .

26  [f]ailure to file proof of service."  [*See* Order to Show Cause Hearing, Ex. 2.]

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 3 -

NOTICE OF REMOVAL

14.     As of June 8, 2022—the date this Notice was filed—Plaintiff has not filed proof of service with respect to any of the named defendants.  [*See* State Court Action docket (last visited June 8, 2022), Ex. 3; Order to Show Cause, Ex. 2.]

15.     Counsel for Carvana has undertaken reasonably diligent efforts to determine whether any of the other named defendants have been served, including checking the online docket on multiple occasions, contacting the clerk of court, and emailing and calling Plaintiff's counsel on several occasions as early as May 31, 2022.

16.     Plaintiff's counsel did not respond to Carvana's emails or calls until the afternoon of June 6, 2022.  At this time, Plaintiff's counsel indicated that the other defendants had been served.  Yet, when Carvana checked again, no proof of service with respect to any of the named defendants appeared on the docket.

17.     Despite the absence of the proof of service—a requirement of valid service under California law—Carvana attempted to contact the other named defendants through email to obtain their consent to the removal.  Cal. R. 3.110(b). As of the time of filing, Carvana had not received a response from any of the defendants.

18.     Carvana is the only named defendant that has been properly served in this matter based on the case docket.  If any the other defendants have been served, Carvana has undertaken reasonably diligent efforts to obtain their consent, and has no reason to believe they would not consent to the removal.

19.     Written notice of the filing of this Notice has been served on Plaintiff's counsel.

20.     A copy of this Notice has been filed with the Clerk of the Superior Court for the County of Los Angeles.

///

///

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 4 -

NOTICE OF REMOVAL

**CONCLUSION**

WHEREFORE, Carvana hereby removes this action from the Superior Court for the State of California for the County of Los Angeles to this Court.

Dated: June 8, 2022

SQUIRE PATTON BOGGS (US) LLP

/s/ Helen H. Yang
Helen H. Yang

Attorneys for Defendant
Carvana, LLC

NOTICE OF REMOVAL

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2022 05:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

Case 2:22-cv-03907   Document 1   Filed 06/08/22   Page 7 of 39   Page ID #:7

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21031 Ventura Blvd, Suite 340<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: 323-306-4234   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* SHARI SANAHI, | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: 825 Maple Ave.
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse

CASE NAME:
Shari Sanahi v. Carvana, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited**  [ ] **Limited**<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22TRCV00352<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*  3
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  May 5, 2022

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3,400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

8

| SHORT TITLE:<br>Shari Sanahi v. Carvana, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18<br>For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3<br>Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Shari Sanahi v. Carvana, LLC, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
10

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Shari Sanahi v. Carvana, LLC, et al. | |

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
**11**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Shari Sanahi v. Carvana, LLC, et al. | |

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1326 N Vista Street, Apartment 6 |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Southwest___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___May 5, 2022___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2022 05:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes, Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| SHARI SANAHI,<br><br>Plaintiff,<br><br>-vs-<br><br>CARVANA, LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, AND DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.: 22TRCV00352<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>1. Violation of Consumer Legal Remedies Act (Cal. Business & Professions Code §§ 1750 et seq.);<br>2. Fair Credit Reporting Act<br>3. California Consumer Credit Reporting Agencies Act<br><br>(Amount to Exceed $25,000)<br><br>**Jury Trial Demanded** |

## I.  INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendants CARVANA, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC's (hereinafter referred to collectively as "Defendants") Defendant Carvana, LLC's violations of the Consumer Legal Remedies Act, all of which protect consumers such as Plaintiff from misleading business and advertising practices.

2.    Furthermore, this is an action for damages brought by an individual consumer for Defendants' violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CA CCRAA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information

## II. PARTIES

3.    Plaintiff SHARI SANAHI (hereinafter "Plaintiff") is a natural person residing in Los Angeles County, in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and Cal. Civ. Code §1785.3(a).

4.    At all relevant times herein, Defendant CARVANA, LLC (hereinafter "CARVANA") regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by Cal. Civ. Code §1785.3(j).

5.    At all relevant times herein, Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "EF") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

6.    At all relevant times herein, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "XP") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

7.    At all relevant times herein, Defendant TRANS UNION LLC (hereinafter "TU," and with XP and EF, "CRA Defendants") was a consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

8.    At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.    The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues

such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

11.     On or around February 1, 2022, Plaintiff contacted Defendant to inquire about purchasing a vehicle through Defendant. Plaintiff informed the Defendant associate that she was a rideshare driver through Lyft and was currently in a rideshare rental agreement looking to end the rental agreement program.

12.     The Defendant's associate asked Plaintiff to upload her check stubs and required IRS information to complete the application process. Plaintiff asked Defendant at the time of the phone call if a hard inquiry on her credit would be made and was told by Defendant that a hard inquiry wouldn't be made until the vehicle was delivered and an agreement was signed.

13.     A few moments after hanging up her call with the representative at Carvana Plaintiff decided to call back again to confirm that all her documents were received without issues.

14.     Plaintiff spoke with another representative who then informed her that the previous associate should not have submitted the application as Defendant has not accepted rideshare income in two years due to the pandemic. Additionally stating that Defendant should not have requested information from Plaintiff.

15.     Plaintiff asked Defendant's associate if a hard inquiry had been made on her credit and was informed by Defendant that a hard inquiry was in fact made.

16.     As a result, and to this day, Plaintiff's credit has been significantly been impacted due to Carvana's negligence. Had Plaintiff known that Defendant does not take rideshare income she would never have contacted Defendant.

17.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant CARVANA reported derogatory information on Plaintiff's credit reports with the CRA Defendants.   Defendant CARVANA misrepresented and continues to misrepresent Plaintiff on his credit reports.

18.     Within two years prior to the filing of the Complaint, Plaintiff disputed the negative reporting to CRA Defendants and advised them of all of the above.

19.     CARVANA's reporting on Plaintiff's credit report with the CRA Defendants has resulted in a negative effect on Plaintiff's credit score.

20.     Despite her dispute, Defendant CARVANA has refused to remove the inaccurate negative remarks from her credit report and CRA Defendants failed to conduct a reasonable investigation and remove the derogatory remarks.

21.     Defendant CARVANA is that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

22.     CRA Defendants are aware that the information they disseminate will be used by various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so

23.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

24.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

26.   At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

27.   At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28.   Defendant CARVANA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

29.   CRA Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

a.   Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendant disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate.

30.   Additionally, CRA Defendants did not maintain and follow reasonable procedures to assure maximum possible accuracy of the information it disseminated, thus violating 15 U.S.C. §1681e(b).

31.     Similarly, CRA Defendants violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after receiving a dispute from Plaintiff.

32.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33.     As a result of the above violations of the FCRA, CCCRA, and Consumer Legal Remedies Act Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT III: VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
#### (As to Defendant CARVANA, LLC ONLY)

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     CARVANA's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

    a)  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Cal. Civ. Code § 1770(7);

    b)  Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

    c)  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

d) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

36. On or about February 16, 2022, through her Counsel of record, using certified mail, Plaintiff served CARVANA with notice of their violations of the CLRA (attached hereto as EXHIBIT A), and asked that CARVANA correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised CARVANA that it must take such action within thirty (30) calendar days, and pointed CARVANA to the provisions of the CLRA that Plaintiff believes to have been violated by CARVANA. CARVANA has not replied to this correspondence in a satisfactory manner, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against CARVANA for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and

37. For such other and further relief as the Court may deem just and proper

## COUNT I: VIOLATION OF THE
## FAIR CREDIT REPORTING ACT

38. Plaintiff reincorporates by reference all of the preceding paragraphs.

39. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## COUNT II: VIOLATION OF THE
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

42.     Based on these violations of Civil Code § 1785.25 (a) by CARVANA and Civil Code § 1785.16 by CRA Defendants, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

        (a)     Actual damages;

        (b)     For statutory damages of $1,000.00 pursuant to 15 U.S. Code § 1681n;

        (c)     Punitive damages not to exceed $5,000.00 per violation pursuant to Cal Civ. Code § 1785.31;

        (d)     Costs and reasonable attorney's fees;

        (e)     For such other and further relief as the Court may deem just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

43.     Plaintiff, pursuant to her rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of May, 2022.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# EXHIBIT A

# Law Offices of Todd M. Friedman, P.C.

**ATTORNEYS FOR CONSUMERS**
21031 ventura blvd, suite 340
Woodland hills, ca 91364
866-598-5042 Toll Free
866-633-0228 Facsimile
California Office
www.toddflaw.com

E-mail: tfriedman@toddflaw.com

Writer licensed in:
California
Illinois
pennsylvania

February 16, 2022

<u>Via Certified U.S. Mail</u>
<u>7015 0150 0000 1582 3614</u>

Carvana, LLC
1930 W Rio Salado Pkwy Ste, 101
Tempe, Arizona 85281

**RE:   Shari Sanahi -Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152**

To Whom It May Concern:

Please be advised that our office represents Ms. Shari Sanahi ("Sanahi") in pursuing legal claims against Carvana ("Carvana") for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("BPC").

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

<u>Facts</u>

1

On or around February 1, 2022, ("Sanahi") contacted ("Carvana") to inquire about purchasing a vehicle through ("Carvana"). ("Sanahi") informed the ("Carvana")  associate that she was a rideshare driver through Lyft and was currently in a rideshare rental agreement looking to end the rental agreement program.

The ("Carvana")  associate asked ("Sanahi") to upload her check stubs and required IRS information to complete the application process. ("Sanahi") asked ("Carvana") at the time of the phone call if a hard inquiry on her credit would be made and was told by ("Carvana") that no hard inquiry would be made until the vehicle was delivered and an agreement was signed.

A few moments after hanging up her call with the representative at Carvana ("Sanahi") decided to call back again to confirm that all her documents had been received without issues. ("Sanahi") was now speaking with another representative who then informed her that the previous associate should not have even gone through with the application as ("Carvana") has not accepted rideshare income in two years due to the pandemic and no information should have been requested. ("Sanahi") asked the ("Carvana") associate if a hard inquiry had been made on her credit and was informed by ("Carvana") that a hard inquiry was in fact made.

As a result, and to this day, ("Sanahi") credit has been significantly been impacted due to Carvana's negligence. Had ("Sanahi") known that ("Carvana") does not take rideshare income she would never have contacted ("Carvana").

## CLRA (*Cal. Civ. Code* §17500 et seq.) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Advertising goods or services with intent not to sell them as advertised- *Cal. Civ. Code* §1770(9);

2. Passing off goods or services as those of another *Cal. Civ. Code* §1770(1)

3. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above, dealer violated Sections §1770(1), (7), (9), (14), and (16) of the CLRA, thereby entitling Sanahi to attorney's fees and costs, and actual and punitive damages.

**<u>Demand</u>**

Ultimately, I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter outside litigation, if you contact our office immediately upon receipt of this letter.

If you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's CLRA claims in a court of law.  Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint.  Again, we hope that this can be avoided.

Best regards,

Todd M. Friedman, Esq.
Attorney at Law

3

24

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2022 05:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Thomas E. Wheeler (SBN 308789)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21031 Ventura Blvd, Suite 340
4  Woodland Hills, CA 91364
   Phone: 323-306-4234
5  Fax: 866-633-0228
6  tfriedman@toddflaw.com
   abacon@toddflaw.com
7  twheeler@toddflaw.com
   Attorneys for Plaintiff
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF LOS ANGELES
10                      UNLIMITED JURISDICTION

11
   SHARI SANAHI,                    )   Case No.: 22TRCV00352
12                                  )
          Plaintiff,                )
13                                  )
       vs.                          )
14                                  )   PLAINTIFF'S AFFIDAVIT OF VENUE
                                    )   PURSUANT TO CONSUMER LEGAL
15                                  )   REMEDIES ACT
                                    )
16 CARVANA, LLC; EQUIFAX            )
   INFORMATION SERVICES LLC;        )
17 EXPERIAN INFORMATION SOLUTIONS,  )
   INC.; TRANS UNION LLC, AND DOES 1- )
18 10 inclusive,                    )
                                    )
19                                  )
          Defendant.                )
20                                  )
   _____)
21 I, SHARI SANAHI, declare and state as follows:

22    1.  I am the plaintiff in this matter, and specifically have brought a claim for Violations of

23        the Consumer Legal Remedies Act.

24
      2.  The defendant to this cause of action, CARVANA, LLC ("Defendant"), was doing
25
          business in Los Angeles County California, namely, selling used vehicles to consumers
26
          such as Plaintiff.
27

28

                                         - 1
                          PLAINTIFF'S AFFIDAVIT OF VENUE

DocuSign Envelope ID: C61A95BA-E49F-451C-9452-67CE20621333

3. The transactions which are the subject of the cause of action as set forth in the Complaint, occurred in Los Angeles County.

4. I am a citizen and resident of the State of California, Los Angeles County.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____5/5/2022_____, at ___Los Angeles___, California.

                        Date                          County

_____

SHARI SANAHI

- 2

**PLAINTIFF'S AFFIDAVIT OF VENUE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/05/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ T. Rhodes _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22TRCV00352 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Gary Y. Tanaka | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _05/06/2022_____
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _T. Rhodes_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

27

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/05/2022 05:06:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes, Deputy Clerk

Case 2:22-cv-03907 Document 1 22TRCV00352 Filed 06/08/22 Page 29 of 39 Page ID #:29

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARVANA, LLC; EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC,
AND DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARI SANAHI,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:   **Superior Court of Los Angeles**
*(El nombre y dirección de la corte es):*

825 Maple Ave.

Torrance, CA 90503

**CASE NUMBER:**
*(Número del Caso):*

22TRCV00352

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, Adrian R. Bacon, 21031 Ventura Blvd, Ste. 34  Woodland Hills, CA 91364, 323-306-4234

DATE:   05/05/2022                         Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                                          Clerk, by  **T. Rhodes**                              , Deputy
                                                            *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Torrance Courthouse

825 Maple Avenue, Torrance, CA 90503

PLAINTIFF(S):

Shari Sanahi

DEFENDANT(S):

Equifax Information Services LLC et al

**ORDER TO SHOW CAUSE HEARING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
05/10/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ M. Fondon _____ Deputy

CASE NUMBER:

22TRCV00352

---

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>10/06/2022</u> at <u>8:30 AM</u> in department <u>B</u> of this court, <u>Torrance Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Gary Y. Tanaka**

Dated: <u>05/10/2022</u>

Gary Y. Tanaka / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/10/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fondon _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Shari Sanahi | |
| DEFENDANT/RESPONDENT:<br>Equifax Information Services LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22TRCV00352 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Todd  Friedman
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA  91364

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/10/2022</u>        By: <u>M. Fondon</u>
                                              Deputy Clerk

**CERTIFICATE OF MAILING**          31

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/10/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
M. Fondon

COURTHOUSE ADDRESS:
Torrance Courthouse
825 Maple Avenue, Torrance, CA 90503

PLAINTIFF:
Shari Sanahi

DEFENDANT:
Equifax Information Services LLC et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22TRCV00352

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/12/2023 | Time: 8:30 AM | Dept.: B |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   05/10/2022

*Gary Y. Tanaka*

_____
Gary Y. Tanaka / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Torrance_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Todd Friedman
21031 Ventura Blvd, Suite 340

Woodland Hills, CA 91364

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:   05/10/2022

By  M. Fondon
_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Torrance Courthouse

825 Maple Avenue, Torrance, CA 90503

PLAINTIFF(S):

Shari Sanahi

DEFENDANT(S):

Equifax Information Services LLC et al

**FILED**
Superior Court of California
County of Los Angeles

05/10/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Fondon _____ Deputy

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

22TRCV00352

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>10/06/2022</u> at <u>8:30 AM</u> in department <u>B</u> of this court, <u>Torrance Courthouse</u>,
and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Gary Y. Tanaka**

Dated: <u>05/10/2022</u>

Gary Y. Tanaka / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/10/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fondon _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Shari Sanahi | |
| DEFENDANT/RESPONDENT:<br>Equifax Information Services LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22TRCV00352 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Todd  Friedman
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA  91364

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/10/2022</u>                    By:  <u>M. Fondon                                        </u>
                                                          Deputy Clerk

**CERTIFICATE OF MAILING**                                    35

# EXHIBIT 3

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**   22TRCV00352

SHARI SANAHI VS EQUIFAX INFORMATION SERVICES LLC, ET AL.

**Filing Courthouse:**   Torrance Courthouse

**Filing Date:**   05/05/2022
**Case Type:**   Other Non-Personal Injury/Property Damage tort (General Jurisdiction)
**Status:**   Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/06/2022** at 08:30 AM in Department B at 825 Maple Ave., Torrance, CA 90503
Order to Show Cause Re: Failure to File Proof of Service

**01/12/2023** at 08:30 AM in Department B at 825 Maple Ave., Torrance, CA 90503
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CARVANA LLC - Defendant

EQUIFAX INFORMATION SERVICES LLC - Defendant

EXPERIAN INFORMATION SOLUTIONS INC. - Defendant

FRIEDMAN TODD - Attorney for Plaintiff

SANAHI SHARI - Plaintiff

TRANS UNION LLC - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)
**05/10/2022** Notice of Case Management Conference
Filed by Clerk

**05/10/2022** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**05/05/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/05/2022** PLAINTIFFS AFFIDAVIT OF VENUE PURSUANT TO CONSUMER LEGAL REMEDIES ACT
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** Summons (on Complaint)
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** Civil Case Cover Sheet
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** Complaint
Filed by Shari Sanahi (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**05/10/2022** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**05/10/2022** Notice of Case Management Conference
Filed by Clerk

**05/05/2022** Summons (on Complaint)
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/05/2022** Civil Case Cover Sheet
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** Complaint
Filed by Shari Sanahi (Plaintiff)

**05/05/2022** PLAINTIFFS AFFIDAVIT OF VENUE PURSUANT TO CONSUMER LEGAL REMEDIES ACT
Filed by Shari Sanahi (Plaintiff)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071, which is located in the county where any non-personal service described below took place.

On June 8, 2022, a copy of the following document(s):

**NOTICE OF REMOVAL**

was served on:

Todd M. Friedman                          *Attorneys for Plaintiff SHARI SANAHI*
Adrian R. Bacon
Thomas E. Wheeler
LAW OFFICES OF TODD M. FRIEDMAN
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com

Service was accomplished as follows.

☒       Served via the Court's ECF Notification.

☒       Served via email at the email addresses listed above.

☒       Served by U.S. Mail. On the above date, I sealed the above document(s) in an envelope addressed to the above, and I deposited that sealed envelope in a post office, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the U.S. Postal Service, located in Los Angeles, California, postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 8, 2022, at Los Angeles, California.

_____
Consuelo M. López
119987.00012

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF REMOVAL

- 6 -

39